UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                                            ) | |
|            Plaintiff,                              ) | |
|                                                            )   | No. S3-4:15 CR 404   HEA |
|                                                            ) | |
|                                                            ) | |
| GERRY CUSHSHON, et al.,                 ) | |
|                                                            ) | |
|            Defendants.                         ) | |

## DETENTION ORDER

On May 11, 2016, defendant GERRY CUSHSHON was brought into court with counsel for a hearing on the motion of the government (doc. 48) that this defendant be detained until trial, under the Bail Reform Act of 1984, 18 U.S.C. § 3142.

On January 7, 2016, a federal grand jury in this district charged defendant GERRY CUSHSHON in the first superseding indictment with 16 other individuals with very substantial drug trafficking.  Specifically, CUSHSHON is charged only in Count 3 of that indictment with conspiring between 2012 and the date of the indictment with 14 others to distribute and to possess with the intent to distribute at least 5 kilograms of cocaine.   In Count 3 of the second superseding indictment, defendant CUSHSHON is charged with 16 others with conspiring to traffic in more than 5 kilograms of cocaine.   Count 3 of the third superseding indictment raised the number of co-conspirators to 23.

Conviction on Count 3 carries a statutory maximum sentence of imprisonment for not less than 10 years plus supervised release for not less than 5 years.   The potential punishment in this case is a strong incentive for flight.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained.

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (quoting United States v. Orta, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, the government's case is aided by a rebuttable presumption.  The Bail Reform Act provides:

> Subject to rebuttal by a defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) . . . .

18 U.S.C. § 3142(e).  Such is this case, because conviction on Count 3 carries a potential penalty of imprisonment of 10 years or more.

In response to the presumption, the burden is upon defendant to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not entirely disappear. Rather, the court must consider Congress's finding that drug traffickers pose special risks of flight and a danger to the community.  Throughout all, the government retains the burden of proof described above.  Id.  And the defendant retains the constitutional presumption of innocence. 18 U.S.C. § 3142(j).

At the detention hearing, the parties had no substantial disagreement with the facts set forth in the written report of the pretrial services officer, dated May 10, 2016,.  (Doc. 477.)  Therefore, the court hereby adopts and incorporates by reference into this detention order the facts set forth in this report.

From the record before it, the court makes the following findings and conclusions. Defendant CUSHSHON is 37 years of age and states he is a lifelong resident of the St. Louis area. However, he has no fixed address in St. Louis and has resided on the Illinois side of the Mississippi.  His family members largely reside in St. Louis.  He has not had regular employment for 10 years.   Instead, he occasionally does odd jobs for cash.

2

Defendant has a significant criminal history, beginning at age 16, when he pled guilty to hindering prosecution.  Since then he has been convicted of felony delivery of a controlled substance, possession of a controlled substance, driving without a proper license, and resisting arrest. He has been arrested without conviction for many criminal acts, including first degree murder, armed criminal action, and first degree robbery.  Police information links defendant with two sets of the Cripps street gang.

By post-hearing affidavit, the government has proffered information that indicates that defendant CUSHSHON had actively avoided arrest on the instant indictment since January 13, 2016.  (Doc. 488.)  Defendant GERRY CUSHSHON was brought into federal custody on May 8, 2016 after he was arrested in a bar.

Defendant argues that he will comply with conditions of supervision that involve location monitoring, curfew, house arrest, and drug testing requirements.

The court finds and concludes from the record that defendant GERRY CUSHSHON has not rebutted the statutory presumption for detention.  Further, from the record, including the written pretrial services officer's report, the government affidavit filed under seal, and the statements of counsel, the court finds and concludes by clear and convincing evidence that the release of defendant GERRY CUSHSHON upon his own recognizance, an unsecured appearance bond, any condition of release, or any combination of conditions of release will not reasonably assure the court that he will not flee and will not be a danger to the community.  18 U.S.C. § 3142(b), (c).  He intentionally remained at large knowing he was the subject of a federal arrest warrant.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States for the pretrial detention of defendant GERRY CUSHSHON (doc. 48) is sustained.   Defendant is committed to the custody of the Marshals Service until further order.

**IT IS FURTHER ORDERED** that defendant be confined in a corrections facility, separate, to the extent practicable, from persons awaiting trial, serving sentences, or being held in custody pending appeal.

3

**IT IS FURTHER ORDERED** that defendant be allowed reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which defendant is confined must deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

                                                      **/S/     David D. Noce**
                                           **UNITED STATES MAGISTRATE JUDGE**

Signed on May 19, 2016.

4