UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 15 CR 404-8 |
| vs. | ) | |
| | ) | Hon. Henry E. Autrey |
| DERRICK TERRY | ) | |

**MOTION TO RECONSIDER ORDER LIMITING ATTORNEY VISITATION**

Comes now defendant DERRICK TERRY, by and through attorney Beau B. Brindley, and respectfully moves this Honorable Court to reconsider and vacate the order entered by Magistrate Judge Nannette A. Baker on November 10, 2016, prohibiting Mr. Terry from consulting in person with his counsel of choice. In support, Mr. Terry states the following:

1. Attorney Michael J. Fagras was appointed to represent Mr. Terry in this matter on August 10, 2016. Shortly thereafter, Mr. Terry contacted and retained the services of the undersigned private counsel to represent him in this case.

2. The undersigned initially filed his motion for admission *pro hac vice* to represent Mr. Terry on August 19, 2016. After the undersigned corrected the form of the motion, Magistrate Baker granted the motion on August 26, 2016 (Dkt. 617).

3. On September 2, 2016, the government filed an *ex parte* sealed motion alleging a potential conflict of interest generated by the undersigned's representation of Mr. Terry. (Dkt. 623). Magistrate Baker appointed attorney Paul J. D'Agrosa on September 7, 2016, to advise Mr. Terry about the nature of the potential conflict.

4. A hearing regarding the potential conflict of interest was held on September 30, 2016. During the hearing Attorney D'Agrosa indicated that he had met

1

with Mr. Terry to discuss the potential conflict, but would need more time to meet with him again before any waiver could take place. The hearing was continued until December 2, 2016.

5. The undersigned intended to conduct a legal visit with Mr. Terry on November 11, 2016, to discuss various matters related to his case and representation. This meeting was expressly desired and requested by Mr. Terry. On November 10, the undersigned's office contacted the jail where Mr. Terry was previously housed to arrange this visit, and learned that Mr. Terry had recently been relocated to a different facility When contacted, the U.S. Marshalls refused to divulge Mr. Terry's location over the telephone. The undersigned's staff then contacted the United States Attorney's office to seek assistance in locating his client so that the visit could take place.

6. Shortly thereafter, Attorney D'Agrosa filed a Motion to Exclude or Limit Visitation with Defendant, purportedly on behalf of Mr. Terry. (Dkt. 666). In the motion, Attorney D'Agrosa indicated that it had come to his attention that the undersigned intended to visit Mr. Terry, and took the position that the Court should prohibit him from doing so in order to "maintain the status quo."

7. Magistrate Judge Baker immediately granted the motion, ordering that "the United States Marshal's Service and other law enforcement agencies shall limit Defendant Derrick Terry's attorney visitation to conflict-free counsel- Michael J. Fagras" and that "attorney Beau Brindley and any other attorney associated with the Law Offices of Beau B. Brindley are prohibited from any visitation with Defendant Derrick Terry until further order of this court." (Dkt. 667)

8.     On November 11, 2016, Defendant Derrick Terry called the undersigned via telephone and indicated that he was strongly opposed to the order and wished to meet with the undersigned. He indicated that he did not believe Attorney D'Agrosa was acting in his best interests and felt that his right to consult in person with his chosen attorney was being unfairly violated. He reiterated his desire to be represented by the undersigned in this case and waive the potential conflict of interest that D'Agrosa has already discussed with him.  Mr. Terry also plainly indicated that Attorney Dagrosa filed this motion purportedly on his behalf without consulting him and that he had filed this motion against Mr. Terry's will and his desires.  He further stated that he has not had a single meeting with Mr. D'Agrosa since the September 30 Court appearance. In other words, Mr. Terry disavowed Mr. D'Agrosa's motion and indicated that it was filed against his wishes.

9.     Mr. Terry has a right to be represented by and to consult with his counsel of choice. The Sixth Amendment right to counsel of choice "commands[] not that a trial be fair, but that a particular guarantee of fairness be provided — to wit, that the accused be defended by the counsel he believes to be best." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006). While the government believes there is a potential for conflict of interest in the undersigned's representation of Mr. Terry, no *actual* conflict exists.  Mr. Terry indicates that he wishes to waive the potential conflict of interest that Mr. D'Agrosa already described to him.

10.    The force of the core constitutional command regarding a defendant's right to be represented by counsel of choice requires that the Court start from a default position that gives effect to the defendant's Sixth Amendment right to choose his own

3

counsel. *United States v. Turner*, 594 F.3d 946, 951 (7th Cir. 2010). The Supreme Court has therefore recognized a presumption in favor of the defendant's choice of counsel, and this presumption can be overcome only by an actual or serious potential for conflict. *Wheat v. United States,* 486 U.S. 153, 164 (1988).

11. The court's role is to determine "whether the attorney has an actual conflict, a potential conflict, or no conflict at all," *United States v. Perez*, 325 F.3d 115, 125 (2d Cir.2003), and to evaluate any conflict for its effect on the defendant's right to effective assistance of counsel. There is no authority cited in Mr. D'Agrosa's motion, which would allow a Court to prevent a defendant from *consulting* in person with any qualified attorney who possesses the credentials necessary to visit him at his facility. In fact, there is no identifiable authority that would empower any court to prevent a defendant from *consulting* with any attorney he wishes at any time. Without any cited authority in support of that proposition, the Court's order should be vacated.

12. No actual conflict or serious potential for conflict exists or has been found in this case. Furthermore, Mr. Terry maintains his right to consult with counsel of his choice in person before and after the Court makes its determination regarding potential conflict of interest.

13. The opportunity to communicate privately with an attorney is an important part of the constitutionally guaranteed right to meaningful access to the courts. *Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980). This right of access to the courts specifically includes contact visitation with his counsel. *Ching v. Lewis*, 895 F.2d 608, 610 (9th Cir. 1990). It is clear "that an accused does not enjoy the effective aid of counsel if he is denied the right of private consultation with him." *Mastrian v. McManus*, 554 F.2d 813,

4

821 (8th Cir. 1977)(internal citations omitted). "The importance of the assistance of counsel in a serious criminal charge after arraignment is too large to permit speculation" on the effect of its deprivation. *Hawk v. Olson*, 326 U.S. 271, 278 (1945).

14.     The Court's order prohibiting Mr. Terry from privately consulting with his counsel of choice ignores the constitutional guarantees to effective assistance of counsel of choice and access to the courts. No actual conflict of interest has been found and Mr. Terry expressly wishes to consult in person with the undersigned. There is no basis for the prohibition of his ability to do so.

15.     Appointed counsel Michael D'Agrosa, who purportedly believes that he was appointed for the "purpose of discerning whether or not a conflict exists," filed a motion to preclude Mr. Terry from meeting with an attorney he specifically wants to meet with, after apparently consulting with the prosecution but *not* with Mr. Terry himself. He has overstepped the bounds of his appointment.  Further, if the U.S. Attorney's Office is communicating with and colluding with Attorney D'Agrosa regarding the filing of this motion, then Mr. D'Agrosa's status as an independent and objective conflict counsel is called into question.  The only way the undersigned can discern that Mr. D'Agrosa became aware of his plan to visit Mr. Terry is via communication from the government, who was contacted by the undersigned's office in a good faith attempt to locate Mr. Terry for the visit.   Independent conflict counsel should not be engaging private conversations with the prosecutors and acting on them without consulting with Mr. Terry. If that is happening, then the process is flawed and no longer objective. Instead of acting in Mr. Terry's best interests, Mr. D'Agrosa has begun to act

against Mr. Terry's express wishes and Mr. Terry asks the Court to not aid him in that process.

WHEREFORE, Mr. Terry moves this honorable Court to reconsider and vacate the November 10, 2016 order and permit him to consult in person with any attorney he wishes including the undersigned counsel.

                              Respectfully submitted,
                              DERRICK TERRY

                              By:    s/ Beau B Brindley

LAW OFFICES OF BEAU B. BRINDLEY
53 West Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
312.765.8878