IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
STATE OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|     Plaintiff, ) | |
| ) | Cause No. 4:15-CR00404-HEA (NAB) |
| vs. ) | |
| ) | |
| FARRAAD JOHNSON, ) | |
|     Defendant. ) | |

## MOTION TO SUPPRESS EVIDENCE

Comes now, Defendant Farraad Johnson, by and through counsel, and moves this Honorable Court to suppress evidence seized from the July 8, 2016 trash pull, and the July 20, 2016 residential search of 1136 Edlor, Saint Louis, Missouri.  In support thereof, Defendant states:

I.   Background

Defendant Farraad Johnson ("JOHNSON") is charged in the fifth superseding indictment with Drug Conspiracy, Possession with Intent to Distribute (two counts), Possession of Firearm in Furtherance of Drug Trafficking, and Possession of a Machine Gun.  According to Drug Enforcement Administration Reports, on or about July 8, 2016, Task Force Officers were conducting an investigation of Jerry Brown and Gabriel Vamboi who were believed to be engaged in illegal drug activity.  The investigation led officers to 1136 Edlor, which is the residence of JOHNSON.  According to reports, investigators "observed a large amount of trash at the curb for the following morning trash collection."  Officer retrieved two bags of trash and departed the area.  The officers surveyed the contents of the bags and reported finding several clear plastic bags with the

1

corners torn off. Though training and experience the officers maintain that drug trafficking organizations (DTO), while packaging quantities of drugs for distribution will utilize the corner of the plastic bag to hold their drugs and dispose of the rest of the bag. These assertions were made in the application to the Magistrate Judge for the search warrant of 1136 Edlor. JOHNSON disputes that the trash was at the curb and maintains that any bags would be in a locked disposal can on his private property. The Defendant had a subjective expectation of privacy in the contents of his trash and the application for the search of JOHNSON residence was predicated on false information.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures ." U.S. Const. amend. IV. A warrantless search of an individual's trash violates the Fourth Amendment only where the individual has a "subjective expectation of privacy in [the] garbage that society accepts as objectively reasonable." California v. Greenwood, 486 U.S. 35, 39, 108 S.Ct. 1625, 100 L.Ed.2d 30 (1988).

It is well established that there is no reasonable "expectation of privacy in trash left for collection in an area accessible to the public." Id. at 41, 108 S.Ct. 1625. However, JOHNSON trash was on private property and in a locked container thus he retained a reasonable expectation of privacy in it. The trash was within the curtilage of JOHNSON's home, thus the proper focus under Greenwood is whether the garbage was readily accessible to the public so as to render any expectation of privacy objectively unreasonable." United States v. Comeaux, 955 F.2d 586, 589 (8th Cir. 1992) JOHNSON's trash was not readily accessible to the public. The trash was placed in a location from which the public had no right to occupy and it was in a locked container.

2

As such the warrantless search by the government violated JOHNSON's right to privacy and must be suppressed.

Next this Court should suppress the evidence seized in the July 20, 2016 search of 1136 Edlor. The search violated *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), because the officers intentionally, knowingly, or with reckless disregard for the truth, omitted material information and included false statements in the affidavit in support of the search warrant. The affidavit submitted in support of the search warrant contained false information and omitted information pertinent to a probable cause determination. In Franks, the Supreme Court held that a search warrant must be voided and the fruits of the search suppressed if a defendant proves by a preponderance of the evidence that (1) a law enforcement officer knowingly and intentionally, or with reckless disregard for the truth, included a false statement in the warrant affidavit, and (2) without the false statement, the affidavit would not have established probable cause. *438 U.S. at 155-56, 98 S.Ct. 2674;* *United States v. Snyder, 511 F.3d 813, 816 (8th Cir.2008).* This rationale also applies to information that the affiant deliberately or with reckless disregard for the truth omits from the affidavit such that the affidavit is misleading and insufficient to establish probable cause had the omitted information been included. *United States v. Jacobs, 986 F.2d 1231, 1234 (8th Cir.1993) (citing United States v. Reivich, 793 F.2d 957, 960 (8th Cir.1986)).*

In the case at bar, the officers did not pull trash from the curb, but pulled it from a locked disposal can that was situated on private property. Thus, there is evidence that applicant for the search warrant intentionally mislead the magistrate judge or that he was

3

acting with reckless disregard for the truth. Thus, the flawed affidavit amounts to a Franks violation and the evidence should be suppressed.

WHEREFORE, Defendant Farraad Johnson, by and through counsel, request that this Honorable Court suppress the evidence seized in the July 8, 2016 trash pull and the subsequent July 20, 2019 search of 1136 Edlor.

Respectfully submitted,

**SMITH AND ASSOCIATES, LLC**

　/s/ Donnell Smith
Donnell Smith  MO#44510
6101 Delmar Boulevard, Suite A
St. Louis, MO  63112
(314) 361-2500 Phone
(314) 361-2525 Fax

## Certificate of Service

The undersigned certify that a copy of the foregoing electronically filed with notice to all parties of record on 31st day of January, 2019.

　/s/ Donnell Smith
Donnell Smith

4